UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA,
for the use and benefit of SOUTHEAST
ENTERPRISE GROUP, INC., a Florida
corporation,

        Plaintiff,

vs.

SKANSKA USA BUILDING, INC., f/k/a
Beers Construction Company, a foreign
corporation, and AMERICAN HOME
ASSURANCE COMPANY, a foreign
corporation,

        Defendants.

_____/

Civil Action No.: 3:03-CV-572-J 25MCR

**CONSENT MOTION TO STAY RULING ON
MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

Defendant/Counterclaimant, Skanska U.S.A. Building, Inc. ("Skanska"), and Defendant, American Home Assurance Company ("American"), move this Court to stay its ruling on Plaintiff and Counter-Defendants' Motion for Attorneys' Fees, Costs and Expenses until the Court has ruled on Defendants' Consolidated Post-Trial Motions. In support of this Motion, Skanska and American show as follows:

1. Plaintiff/Counterclaim Defendant, Southeast Enterprise Group, Inc. ("SEG"), and Counterclaim Defendant, Capitol Indemnity Corporation ("Capitol"), have filed a Motion for Attorneys' Fees, Costs and Expenses (the "Fee Motion") arguing that SEG is the prevailing party and, therefore, they are entitled to recover attorneys' fees, expert fees and costs.

Case 3:03-cv-00572-HLA-MCR   Document 104   Filed 03/16/05   Page 2 of 4 PageID 1733

2. Skanska and American have filed Defendants' Consolidated Post-Trial Motions, which renews their Motion for Judgment as a Matter of Law on Plaintiff's Amended Complaint and further move for a new trial as to Skanska's counterclaim. Alternatively, the motion seeks a new trial as to all issues.

3. If the Court grants Skanska's renewed Motion for Judgment as a Matter of Law on the Amended Complaint and orders a new trial on Skanska's damages, Skanska would be the prevailing party in this litigation. Alternatively, if the Court grants Skanska a new trial on all issues, the question of who has prevailed will remain unresolved until the conclusion of that new trial.

4. Any decision regarding the Fee Motion at this time would be premature and contrary to the interests of judicial economy.

5. Counsel for SEG and Capitol is not opposed to a temporary stay of the Fee Motion pending a ruling on the Consolidated Post-Trial Motions.

6. For the foregoing reasons, Skanska and American respectfully request that the Court stay its decision on the Fee Motion until it has ruled on Defendants' Consolidated Post-Trial Motions.

**MEMORANDUM OF LAW**

Skanska and American respectfully submit this memorandum of law in support of their Motion to Stay Ruling on Motion for Attorneys' Fees, Costs and Expenses.

Skanska has renewed its Motion for Judgment As A Matter of Law on the Amended Complaint and moved for a new trial on the counterclaim. If the Court grants that motion, Skanska will have defeated the Amended Complaint in its entirety. As addressed in Defendants' memorandum of law in opposition to the Fee Motion (filed

2

contemporaneously with this Motion), SEG and Capitol rely on the substantive law of Florida to establish their entitlement to attorneys' fees. Under Florida law, Skanska will be the prevailing party if it is awarded judgment as a matter of law on the Amended Complaint, regardless of the outcome of the new trial on its counterclaim. *See Scutti v. Daniel E. Adache & Assoc. Architects, P.A.*, 515 So.2d 1023, 1024 (Fla. 4th DCA 1987) ("where a plaintiff loses on his complaint, the defendant is the prevailing party whether he is a successful counterclaimant or not"). Alternatively, if the Court grants Skanska a new trial on all issues, the question of who has prevailed in this case will remain open until the conclusion of that new trial.

With respect to a motion for attorneys' fees filed pursuant to Rule 54(d)(2), the Advisory Committee Notes to Rule 54 provide: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice...." Although not specifically addressed, the Committee Notes certainly support that a court may defer ruling on the motion for fees while a post-trial motion opposing the verdict is pending. In this case, deferring the ruling on the Fee Motion will prevent a potential waste of significant judicial resources. For the above reasons, Skanska and American respectfully request that the Court stay its ruling on the Fee Motion until after it has decided the Consolidated Post-Trial Motions.

## COMPLIANCE WITH LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(d), the undersigned counsel has conferred with opposing counsel and is authorized to represent that he has no opposition to a temporary stay of Plaintiff and Counter-Defendants' Motion for Attorneys' Fees, Costs and Expenses pending ruling on Defendants' Consolidated Post-Trial Motions.

**Hedrick Dewberry Regan & Durant P.A.**

By: _s/ Jeffrey C. Regan_
   Jeffrey C. Regan, FL Bar No. 436550
   Charles R. Walker, Jr., FL Bar No. 486485
   50 North Laura Street, Suite 1600
   Jacksonville, FL  32202
   (904) 356-1300 (Telephone)
   (904) 356-8050 (Facsimile)
   ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to William G. Cooper and the undersigned.

                                        s/ Jeffrey C. Regan
                                            Attorney