UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA, for
the use and benefit of SOUTHEAST
ENTERPRISE GROUP, INC., a Florida corporation,

    Plaintiff,                                                    3:03-CV-572-J-25 MCR

vs.

SKANSKA USA BUILDING, INC. f/k/a
Beers Construction Company, a foreign corporation, and
AMERICAN HOME ASSURANCE COMPANY, a foreign
corporation,

    Defendants.
_____/

## ORDER

This Cause is before the Court on Defendants'[1] Motion for Judgment Notwithstanding the Verdict (Dkt. 100) and Plaintiffs' Motion for Attorneys Fees (Dkt. 101). Oppositions have been filed to both motions. The Court does not require additional briefing from the parties or a hearing on these matters.[2] Upon consideration, the Court finds as follows:

This case was tried in February of 2005. During the course of the trial Defendants moved

---

[1] There is also a Counterclaim in this case. However, to streamline this Order the Court will refer to Southeast Enterprise Group, Inc. and Capitol Indemnity Corporation as Plaintiffs; Skanska USA Building, Inc. and American Home Assurance Company will be referred to as Defendants.

[2] Tritt and Franson, P.A. has filed a document titled "Amended Notice of Claim of Lien" (Dkt. 107). This filing is improper and will not be adjudicated by the Court.

1

for entry of judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50. The Court denied the motion finding that Plaintiffs had presented sufficient evidence to allow the case to go to the jury. The jury entered a verdict in Plaintiffs' favor. Defendants now renew their motion for judgment as a matter of law or alternatively seek a new trial.

The arguments raised by Defendants in their renewed motions have previously been considered and rejected by this Court. Upon reconsideration, the Court finds that Plaintiffs presented evidence sufficient to establish the existence of questions of fact from which a jury could reasonably reach their verdict. Accordingly, the motions are again denied.

Plaintiffs seek fees pursuant to the contract between the parties. Plaintiffs seek an attorney fee award of approximately $237,000, an expert fee award of approximately $113,000 plus an award of approximately $10,600 in costs. As a threshold issue, the Court finds that the unilateral attorney fee provision in the contract between the parties is reciprocal per Florida Statutes Section 57.105 (7). However, Plaintiffs offer no authority to support their argument that expert fees are also reciprocal. The plain language of 57.105 (7) refers only to "attorneys fees." Further, the Court could not locate any case where expert fees were awarded based upon 57.105(7). Therefore, the Court finds that Section 57.105 dictates the Court award attorneys fees only; Plaintiffs' claim for expert fees is denied. Plaintiffs will be awarded the statutory expert fees; 28 U.S.C. Section 1821(b) provides for witness attendance fees of forty dollars per day.[3]

Defendants urge the Court to reject Plaintiffs' claim to payment for fees related to Mr. Johnson. Defendants contend that Mr. Johnson acted as a quasi-paralegal prior to and during trial but note he is not an actual paralegal. This Court agrees that Mr. Johnson's fees are not

---

[3] Plaintiffs are directed to submit an itemization of these fees.

recoverable; he is not an attorney, law clerk, or paralegal and thus cannot be paid under the attorneys fees provision.

Defendants next object to the amount of attorneys fees that Plaintiffs request. To determine whether an attorney fee award is appropriate, a district court must first determine whether the claimed hours and rate are reasonable. The "lodestar" figure is the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. A court looks at the rate charged by lawyers of "reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In addition, this Court takes into account the *Johnson* factors to the extent they affect the reasonableness of the rate. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[4]

The *Johnson* factors are:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill required to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to the acceptance of the case;

---

[4] In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court noted that when a plaintiff obtains "excellent results," the plaintiff in that case may be entitled to an enhanced award. *Hensley* also recognizes that many of the twelve *Johnson* factors are subsumed in the number of hours expended and the hourly rate. Only exceptional factors will warrant an enhancement of the lodestar amount.

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation and ability of the attorney;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Id.* (citing 488 F.2d at 717-719).

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.* Fee applicants must provide evidence of rates actually charged and collected by similar lawyers in similar cases. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

As a threshold matter, the Court notes that this case did not present any particularly difficult or novel issues, nor was the skill required to prosecute it beyond that which is usual for competent and experienced lawyers. Plaintiffs' attorneys were not precluded from other employment due to acceptance of this case. The Court further finds that the results obtained were satisfactory but not excellent and that the fee requested is not supported by an affidavit providing evidence of *actual awards* in similar cases.

Defendants lodge numerous objections to Plaintiffs' requested fees. Defendants first maintain that the results obtained by Plaintiffs do not justify the fees claimed. Defendants argue that because Plaintiffs only recovered a $25,000 judgment, the fee should be reduced if not

eliminated altogether. Defendants note that this Court previously held that Plaintiffs were limited to a recovery of the same amount awarded by the jury- $25,000- for a certain category of their claims. Defendants further point out that Plaintiffs' Complaint sought more than $234,000; Defendants maintain that Plaintiffs did not substantially prevail at trial. Alternatively, Defendants argue that the limited results achieved weigh in favor of a reduction in the amount of fees awarded. The Court notes, however, that the jury found that Defendants wrongfully interfered with or prevented Plaintiff from completing its obligations. Thus, Skanska did not prevail on its Counterclaim; SEG was the prevailing party overall. However, the Court does take the judgment amount into consideration as relevant to the *Johnson* factor that addresses the results obtained.

Defendants next object to the hourly rates charged. The hourly rate charged by the relevant attorneys varied from $155 to $350.[5] Specifically, Defendants object to Mr. Henderson's rate of $235 and $245 per hour as well as Mr. Tritt's rate of $265 per hour. The Court notes that Mr. Henderson and Tritt have been practicing for twelve and thirteen years respectively. In contrast, Mr. Regan, one of Defendants' attorneys, charged only $250 per hour even though he has more experience in construction litigation and has been practicing for over 20 years. Defendants also object to Mr. Cooper's flat rate of $70,000. The Court notes that this flat fee equates to $350 per hour only if Mr. Cooper did not incur any additional hours included in the flat fee after filing his fee motion.[6]

---

[5] Mr. Cooper states that he charges $450 per hour for "complex commercial litigation" but it appears that he billed his hours in this case at $350 per hour.

[6] The Court notes that Mr. Cooper's records reflect that he started work on this case in October of 2004 and he spent a total of 191.6 hours; according to Mr. Cooper his firm spent a

To support the requested rates, Plaintiffs proffer the affidavit of Mr. Cooper listing his "standard hourly rate[s]" as well as a statement that the fees are reasonable based upon *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Mr. Henderson's affidavit similarly discusses his standard rate and enumerates the *Johnson* factors. Defendants argue that Plaintiffs have not proffered sufficient evidence to support the requested hourly rates for Mr. Henderson, Cooper and Tritt. This Court agrees. However, the Court also notes that Defendants have failed to proffer sufficient evidence of what rate or fee should be awarded.

"Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11 Cir.1988). Thus, the Court will rely on its own experience as dictated by the Eleventh Circuit. *Id.* at 1305. The Court sets a reasonable rate of $235 for Mr. Henderson and Tritt based upon recent attorneys fee awards given to similarly situated attorneys in this market. The Court further finds that Mr. Cooper's requested hourly rate is reasonable given his over 30 years of experience.[7]

---

total of 204.3 hours on this case. Mr. Cooper states that he agreed to a fee of $70,000 for prosecuting this case "to completion." As noted, the Court does not know if Mr. Cooper's fee includes work after filing his attorneys fees motion.

The Court notes that Mr. Cooper's last time entry was on March 1, 2005, the day before he filed his motion for fees. The response to opposing counsel's JNOV motion was not filed until March 8, 2005.

In sum, Mr. Cooper seeks $68,770.5 total for his firm's time; the costs that make up the balance of the $70,000 are itemized separately and will not be considered by the Court at this time.

[7]Regarding Mr. Cooper, this Court notes that he was assisted with his duties by Mr. Johnson rather than a paralegal at his firm. Because this Court disallows Mr. Johnson's hours, it also takes this into account when assessing the reasonableness of Mr. Cooper's fee award.

Defendants next object to the number of hours expended in this case; Defendants maintain that many of the hours claimed are duplicative; during the course of this case Plaintiffs retained four different law firms. Defendants maintain that two of the firms performed fact finding services before the suit was filed and allege that these hours were duplicated by the firms that entered the case at a later date. However, Defendants fail to demonstrate that the fees it claims are billings for fact gathering activities were clearly duplicated by the two firms that entered this case later. Because the Defendant has not clearly demonstrated these hours are duplicated, and a review of the record demonstrates these hours appear reasonable, the Court will not reduce the disputed hours from its fee award.

Defendants next object to certain hours charged by Mr. Henderson; Defendants maintain that before drafting the Complaint in this case, Mr. Henderson served as "de facto project manager" for Capitol, Plaintiffs' bond company. Thus, Defendants argue that these fees cannot be recovered; the claimed hours were not expended on actual litigation efforts.[8] Defendants have failed to provide evidence that the hours billed were for non-legal duties and the Court notes that significant legal work is often performed before a case is filed.

---

The Court determines that $70,000 is reasonable for the work done between October 2004 and the day the fee motion was filed.

[8] Defendants also object to "additional hours" Mr. Henderson billed but do not state which hours they are referring to.

Throughout its opposition, Defendants state numerous times that they will address the attorneys fees issue in greater detail in "subsequent submissions" or during an "evidentiary hearing." The Court, however, did not grant any hearing request nor allow the parties to submit any proposed pleadings after the due date. Indeed, a review of the docket in this case reflects that while Defendants did file a motion for hearing on the attorneys fees issue, Defendants did not file any motion to extend the time for filing their opposition to Plaintiffs' attorneys fees motion. No litigant should assume that the Court will hold a hearing on an attorney fee motion. The Court will consider the motion and opposition in the form submitted.

Defendants also object to the attorneys fees related to certain experts. Defendants argue that attorneys fees expended on the " abandoned design issue" should be excluded because Plaintiffs did not litigate their original theory that the first roof design was defective at trial. Defendants also claim that fees related to Mr. Dorner, who failed to testify, are not recoverable; Mr. Dorner was hired as an expert witness regarding roof panel flashing, an issue related to the "design flaw." Defendant disputes $6,180.50 related to the design flaw issue and $6,272 related to Mr. Dorner. However, a review of the records in question does not demonstrate that the disputed hours were spent specifically and exclusively on this matter. Rather, Defendants proffer time entries that merely mention "potential design issues" and the like. However, the Court will deduct some of the fees specifically related to Mr. Dorner's testimony; Mr. Dorner did not testify, this legal work was not necessary to the case. It appears that 11.2 hours of Mr. Henderson's time should be deducted at $235 per hour. Overall, after this deduction is made, the number of hours appears to be reasonable for prosecuting action.

Relying upon the lodestar and the Johnson factors, the Court finds that Plaintiff's attorneys are entitled to recover in fees in the amount of:

$68,770.50 re: Mr. Cooper's firm;

$5,675.00 re: Mr. Holbrook's firm;

$2,102.50 re: Mr. Brown's firm;

$153,149.50 re: Tritt and Franson firm (651.7 hours times $235 per hour) (There were 661.3 hours claimed by Mr. Henderson minus the 11.2 hour deduction for work re: Mr. Dorner plus 1.6 hours for Mr. Tritt)

Total fee award = **$229,697.50**

Defendants also contend that Plaintiffs have not properly verified their cost claim; its bill of costs is improper. Defendants note that Plaintiffs failed to state the costs claimed were "necessarily incurred" and that the services were "actually and necessarily performed" per Section 1924. In addition, Defendants argue that Plaintiffs cannot recover mediation fees, legal research fees, nor postage, shipping, or courier charges. Also, Defendants note that Plaintiffs failed to state that the photocopy fees claimed were necessarily obtained for use in the case per and that Plaintiffs have failed to document approximately $1,000.00 out of $3,700.00 in court reporter costs. The Court agrees that Plaintiffs have failed to properly verify their cost claim and therefore denies the cost claim at this time.

Accordingly, it is **ORDERED**:

1. Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. 100) is **DENIED**.

2. Plaintiffs' Motion for Attorneys Fees (Dkt. 101) is **GRANTED IN PART**. Plaintiffs are awarded a total of **$229,697.50** in attorneys fees.

3. Plaintiffs' claimed costs are **DENIED WITHOUT PREJUDICE** to Plaintiffs filing a properly supported bill of costs or Motion for Costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 8 day of September 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

9